UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS SALAZAR-CASTILLO,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>ALEJANDRO MAYORKAS, Secretary of Homeland Security, et al.,<br><br>　　　　　　　Respondents.[1] | Case No.: 19-cv-02484-H-WVG<br><br>**ORDER DENYING § 2241 HABEAS PETITION**<br><br>[Doc. No. 1.] |

On December 26, 2019, Petitioner Carlos Salazar-Castillo filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) On January 7, 2022, Respondents filed a return to the petition. (Doc. No. 11.) For the reasons below, the Court denies Petitioner's § 2241 habeas petition.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Alejandro Mayorkas, Secretary of Homeland Security, and Merrick Garland, United States Attorney General, as named Respondents in this action in place of Chad Wolf and William Barr. See Fed. R. Civ. P. 25(d) ("[A public] officer's successor is automatically substituted as a party."); Cheney v. U.S. Dist. Ct. for D.C., 541 U.S. 913, 917 (2004) ("[F]ederal law provides for automatic substitution of the new officer when the originally named officer has been replaced.").

# BACKGROUND

Petitioner Salazar-Castillo is a native and citizen of El Salvador who entered the United States in 2015 and subsequently applied for asylum, withholding of removal, and relief under the Convention Against Torture. (Doc. No. 1, Petition ¶¶ 1, 9, 15.) On October 12, 2017, an immigration judge ("IJ") denied Petitioner's application for relief. (Id. ¶ 16; Doc. No. 11-1 at 1.) Petitioner appealed this denial to the Board of Immigration Appeals ("BIA"), and the BIA dismissed the appeal, affirming the IJ's denial of relief. (Doc. No. 1, Petition ¶ 17; Doc. No. 11-1 at 1.) On September 24, 2019, the Ninth Circuit denied Petitioner's petition for review of the BIA's order. (Doc. No. 11-1 at 3.)

Petitioner alleges that on or about November 7, 2019, he married his long-time companion, Bonnie Lyn Johnson. (Doc. No. 1, Petition ¶ 19.) On or about December 18, 2019, Ms. Johnson filed a form I-589 application for asylum and for withholding of removal with U.S. Citizenship and Immigration Services ("USCIS"). (Doc. No. 6-1, Ex. A; Doc. No. 1, Petition ¶ 23.) As part of that application, Ms. Johnson sought derivate asylee status for Petitioner as her spouse. (Doc. No. 1, Petition ¶ 23.)

Petitioner was taken into custody by the Department of Homeland Security ("DHS") around December 20, 2019, and he was informed that he would be removed from the United States. (Doc. No. 1, Petition ¶¶ 9, 25.) On December 26, 2019, Petitioner filed the present § 2241 habeas petition, challenging his detention and removal from the United States. (Id. at 6-8.)

On January 7, 2020, Petitioner was removed from the United States. (Doc. No. 6 at 2.) On March 12, 2021, USCIS approved Ms. Johnson's application for asylum. (Doc. No. 6-1, Ex. B.)

# DISCUSSION

In the petition, Petitioner argues that his detention and removal was unlawful because it contravened 8 C.F.R. § 208.5. (Doc. No. 1, Petition ¶ 28; Doc. No. 6 at 3-4.) In response, Respondents argue that the § 2241 habeas petition should be denied because section 208.5 is inapplicable here. (Doc. No. 11 at 2-3.)

Section 208.5 provides:

> When an alien in the custody of DHS requests asylum or withholding of removal, or expresses a fear of persecution or harm upon return to his or her country of origin or to agents thereof . . . such alien shall not be excluded, deported, or removed before a decision is rendered on his or her asylum application.

8 C.F.R. § 208.5(a). Respondents argue that section 208.5 is inapplicable here because Petitioner did not have an asylum application pending when he was removed. (Doc. No. 11 at 3.) The Court agrees.

By its plain language, section 208.5(a)'s prohibition on removal of an alien is applicable only "before a decision is rendered on his or her asylum application." 8 C.F.R. § 208.5(a). Here, an IJ denied Petitioner's application for asylum, and that decision became final by at least September 24, 2019, when the Ninth Circuit denied Petitioner's petition for review. (Doc. No. 11-1.) Petitioner was subsequently removed a few months later on January 7, 2020. (Doc. No. 6 at 2.) Thus, his removal did not violate section 208.5.

Petitioner notes that his spouse, Ms. Johnson, had an application for asylum pending at the time of his removal and as part of that application Ms. Johnson sought derivate asylee status for Petitioner. (Doc. No. 6 at 3; Doc. No. 1 ¶ 23.) But the problem with this argument is that under the plain language of section 208.5, its prohibition on removal applies only to an alien with a pending "asylum application." 8 C.F.R. § 208.5(a). At the relevant time, Petitioner did not have a pending asylum application. Ms. Johnson had a pending asylum application, but that was Ms. Johnson's application and not Petitioner's. Even though Ms. Johnson's application sought derivate asylee status for Petitioner, that did not render Petitioner an alien with a pending "asylum application." Indeed, the relevant form, a I-730, refers to itself as a "Petition" and not as an application. See I-730, Refugee/Asylee Relative Petition available at https://www.uscis.gov/sites/default/files/document/forms/i-730.pdf.

In sum, Petitioner has failed to establish that his detention and removal from the United States was unlawful or otherwise improper. As such, Petitioner has failed to present

an adequate ground for habeas relief, and the Court denies Petitioner's § 2241 habeas petition.[2]

## CONCLUSION

For the reasons above, the Court denies Petitioner's § 2241 habeas petition. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

DATED: June 14, 2022

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[2] In the petition, Petitioner also alleges that his detention and removal violated his due process rights under the Fifth Amendment. (Doc. No. 1, Petition ¶¶ 32-36.) In support of his due process claims, Petitioner relies on his allegations that his detention and removal violated 8 C.F.R. § 208.5. (See id.) As explained above, this contention is incorrect, and Petitioner's removal did not violation section 208.5. As such, Petitioner's due process claims also fail.